# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AHMED EDWARDS**

    **Plaintiff,**

v.

**SOUTHWEST AIRLINES CO.,**

    **Defendant.**

Civil Action 2:19-cv-03493
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Southwest Airlines Co.'s ("Defendant") Motion to Dismiss (ECF No. 6), Plaintiff Ahmed Edwards' ("Plaintiff") Memorandum in Opposition (ECF No. 11), and Defendant's Reply (ECF No. 12). For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED** (ECF No. 6).

### I.

The facts relied upon in this Opinion and Order are taken from Plaintiff's Complaint. (ECF No. 4).[1] His allegations are as follows:

Plaintiff is a resident of Columbus, Ohio, and he has a sixteen-year-old son—CE—who lives with his mother in New Orleans, Louisiana.[2] (*Id.* ¶ 1 & 5). Pursuant to a parenting agreement, CE often spends his summers in Columbus with Plaintiff. (*Id.* ¶ 6 & 7). In the summer of 2017,

---

[1] Plaintiff's state court Complaint is attached to the Notice of Removal as Exhibit 1. (ECF No. 1, Ex. 1). After the case was removed, Plaintiff filed an identical Complaint before this Court. (ECF No. 4). Hereinafter, all references in this Opinion and Order concerning Plaintiff's Complaint will refer to ECF No. 4, unless otherwise indicated.

[2] Plaintiff's son is minor. Pursuant to Federal Rule of Civil Procedure 5.2, Plaintiff's son will remain known as CE.

1

CE visited Plaintiff in Columbus, and he was scheduled to return to New Orleans on or about August 1, 2017. (*Id.* ¶ 7).

But on July 12, 2017, Plaintiff went to work, and he left CE in the care of CE's grandfather. (*Id.* ¶ 9). That same day, CE's grandfather left the house to get a Frappuccino from Starbucks, and, while he was away, CE left the house for John Glenn International Airport to fly back to New Orleans. (*Id.* at 10). CE planned to board one of Defendant's flights with a ticket purchased by CE's mother. (*Id.* ¶ 8). When Plaintiff returned later that day, CE's grandfather told Plaintiff that CE was not there. (*Id.* ¶ 13). Plaintiff immediately called the Gahanna Police Department ("GPD") and proceeded to John Glenn International Airport. (*Id.*). When Plaintiff arrived at the airport, he went to Defendant's counter because he knew from experience CE would likely use Defendant to fly back to New Orleans. (*Id.* ¶ 14).

By the time Plaintiff arrived at John Glenn International Airport, CE had independently proceeded through Defendant's ticketing, security and onboarding. (*Id.* ¶¶ 11-12). Plaintiff spoke with Defendant and airport security, and they removed CE from the plane. (*Id.* ¶ 15). GPD arrived shortly thereafter and proceeded to separately question Plaintiff and CE. (*Id.* ¶ 16). But GPD did not give Plaintiff the opportunity to speak with CE. (*Id.*). Consequently, CE misled GPD about his relationship to Plaintiff. (*Id.*). And GPD allowed CE to re-board the plane and continue to New Orleans. (*Id.* ¶ 16-17). Plaintiff, however, was arrested by GPD, placed in handcuffs, taken to GPD's station and ultimately transported to the Franklin County Jail where he spent the night and was released on bond the following day. (*Id.* ¶ 18).

Plaintiff is an acupuncturist by trade, and the police record from the incident prevents him from obtaining malpractice insurance. (*Id.* ¶ 22). Plaintiff further claims that the police record bars

him from participating on medical insurance panels that would ordinarily allow him to bill insurance companies for his services. (*Id.*).

In light of the above, Plaintiff brought suit against Defendant in the Franklin County Court of Common Pleas alleging: (i) intentional interference with parent-child relationship; (ii) negligence; and (iii) intentional infliction of emotional distress. (ECF No. 1, Ex. 1 at 4-5). Defendant subsequently removed that case to this Court on the basis of diversity jurisdiction. (ECF No. 1). After removal, Plaintiff filed his Complaint before this Court making allegations identical to those contained in his state court Complaint, all of which are predicated on the fact that Defendant let CE board its plane without parental supervision. (ECF No. 4 at 4-5). Defendant now seeks dismissal of Plaintiff's state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6).

## II.

### 1. Rule 12(b)(6)

Defendant argues that Plaintiff's negligence, intentional interference with parent-child relationship, and intentional infliction of emotional distress claims fail to state a claim according to Rule 12(b)(6) because those claims are allegedly preempted by the Airline Deregulation Act ("ADA"). (ECF No. 6 at 1).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) challenge, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). A claim is plausible when the factual content "allows the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. In making this determination, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Brickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012).

### 2. Airline Deregulation Act

The critical question in this case is whether Plaintiff's state law claims are barred by the ADA preemption provision. The ADA was enacted in 1978 to amend the Federal Aviation Act of 1958, and it includes a preemption provision which prohibits states from "enact[ing] or enfor[cing] a law . . . or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1) (2006). Congress included this preemption provision "[t]o ensure that the States would not undo federal deregulation with regulation of their own . . . ." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992).

According to Defendant, Plaintiff's state law claims should be dismissed because they are preempted pursuant to the ADA's preemption provision. (ECF No. 6 at 4). In support of this argument, Defendant directs this Court's attention to the fact that state common law claims are preempted by the ADA when they are connected to an airline's services. (*Id.*). For that reason, Defendant contends that Plaintiff's' state law claims are directly connected to its airline services and are therefore preempted. (*Id.* at 4-5).

Plaintiff opposes Defendant's Motion to Dismiss for four reasons. (ECF No. 11 at 5-7). First, Plaintiff argues that the Sixth Circuit has not ruled on whether the issues raised in the instant matter are preempted. (*Id.* at 5). Second, Plaintiff contends that an analogous case—*Litchfield v. UPS*—supports a finding that Plaintiff's state law claims are not preempted. (*Id.* at 5-6). Third, Plaintiff maintains that if his state law claims are preempted, he will have no recourse against Defendant. (*Id.* at 7). And fourth, Plaintiff argues that his claims should not be preempted because this case is not about "services," it is about the safety of unaccompanied children on airlines. (*Id.*). This Court disagrees.

Plaintiff and Defendant acknowledge that the Sixth Circuit has not explicitly decided whether the instant state law claims are preempted. Thus, this Court will turn to Plaintiff's subsequent argument, that *Litchfield v. UPS* supports a finding that his state law claims are not preempted. In *Litchfield v. UPS,* the plaintiff brought a state law conversion action against the defendant in the Franklin County Court of Common Pleas alleging that the defendant, UPS, had opened packages addressed to her, removed checks and deposited them into various corporate accounts. *Litchfield v. UPS*, 136 F. Supp. 2d 756, 757-758 (S.D. Ohio 2000). The defendant removed the case to this Court based on federal question jurisdiction arguing that the claim was actually a failure to deliver claim which is preempted by the Federal Aviation Administration Act of 1994 ("FAAA"). *Id.* at 758-759. This Court noted that ordinarily, "[a] defense based upon preemption of plaintiff's claims by federal law does not appear on the face of the well-pleaded complaint, and thus, is an improper basis for removal." *Id.* at 758.

But this Court also observed that "an exception to the well-pleaded complaint rule exists when the federal law gives rise to 'complete preemption.'" *Id.* Under that exception, this Court noted that the preemptive force of a statute may be so extraordinary that it converts an ordinary

5

state common-law complaint into one stating a federal claim. *Id.* Accordingly, this Court analyzed whether the plaintiff's state law claims were completely preempted by the FAAA. *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

The plaintiff in *Litchfield v. UPS* disputed preemption and sought remand of her claim arguing, among other things, that the scope of the FAAA's preemption clause did not encompass her claim. *Id.* at 759. Since the FAAA and ADA preemption provisions are virtually identical, this Court considered the preemptive scope of both the FAAA and the ADA to assess the propriety of the plaintiff's argument. *Id.*. In so doing, this Court relied on a litany of cases[3] decided by various district courts in the Sixth Circuit which held that certain state law claims are not preempted by the ADA. *Id.* at 759-760. Relying in part on those cases, this Court granted the plaintiff's motion to remand to state court reasoning, in part, that the plaintiff's state law claims were not preempted. *Id.* at 762.

Even though this Court declined to preempt the plaintiff's state law claim in *Litchfield*, it does not follow that all state law claims are actionable simply because some state law claims are

---

[3] *Margolis v. United Airlines*, 811 F. Supp. 318, 323 (E.D. Mich. 1993) (personal injury/negligence claim not preempted since the savings clause indicates no intent to preempt traditional state law claims); *In re Air Disaster*, 819 F. Supp. 1352, 1362-64 (E.D. Mich. 1993) (negligence claim arising from airplane collision not preempted because services resulting in crash were not like those directly provided by airline personnel, e.g. ticketing and boarding, and therefore were too tenuously related); *Seals v. Delta Airlines, Inc.*, 924 F. Supp. 854, 859 (E.D. Tenn. 1996) (ADA did not preempt negligence claims under state law because personal injury suits do not relate to services provided by air carriers); *Wright v. Bond-Air, Ltd.*, 930 F. Supp. 300, 305 (E.D. Mich. 1996) (relying on *Margolis* to remand negligence claim to state court); *Musson Theatrical Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1253 (6th Cir. 1996) (common law claims for fraud and misrepresentation not preempted because ADA expresses no Congressional intent to make federal court the exclusive forum); *Wellons v. Northwest Airlines*, 165 F.3d 493 (6th Cir. 1999) (state law claims arising from employment dispute concerning discrimination, intentional infliction of emotional distress, fraud, and misrepresentation not preempted by the ADA because only "tenuously related" to services since they did not impact air safety or market efficiency). *Litchfield v. UPS*, 136 F. Supp. 2d at 759-760.

not preempted. For example, in *Litchfield v. UPS* this Court relied, in part, on *In re Air Disaster* to conclude that the plaintiff's conversion claim was not preempted. *Id.* at 760 (citing *In re Air Disaster*, 819 F. Supp. 1352, 1362-64 (E.D. Mich. 1993)). *In re Air Disaster* observed that a negligence claim arising from an airplane collision is not preempted because services resulting in a crash are not like those directly provided by airline personnel such as ticketing and boarding, and therefore are too tenuously related to the services that airlines provide. *In re Air Disaster*, 819 F. Supp. 1362-64. Using that logic, this Court explained again in *Litchfield v. UPS* that "in the context of the ADA, the Sixth Circuit has specifically held that 'those actions resulting from services provided by individual airline employees directly to passengers, such as ticketing, boarding. . .' are 'related to' the airline's services." *Litchfield*, 136 F. Supp. 2d at 761 (citing *In re Air Disaster*, 819 F. Supp. at 1362-64).

Thus, *Litchfield* and *In re Air Disaster* are instructive, and both cases support a finding that the ticketing and boarding offered by Defendant falls under the definition of "services" for the purposes of ADA preemption. Consequently, any claims in Plaintiff's Complaint allegedly arising from Defendant's ticketing and boarding are preempted.

With the above in mind, Counts I, II and III of Plaintiff's Complaint are predicated on the allegation that Defendant allowed Plaintiff's son to board a flight with no parental supervision. These Counts therefore arise from Defendant's services and are preempted. Because Plaintiff's state law claims are preempted, this Court cannot draw a reasonable inference that Defendant is liable for the conduct alleged in the Complaint.

### a. Recourse

Plaintiff also asserts that if his state law claims are preempted, he will have no recourse against Defendant. (ECF No. 11 at 7). Defendant argues, conversely, that Plaintiff could both

7

petition the U.S. Department of Transportation to investigate the airline and bring a cause of action against the airline for more egregious conduct. (ECF No. 12 at 4). This Court agrees.

The Federal Aviation Act of 1958 codified in Title 49 of the United States Code provides protections for air carrier consumers who feel they have been wronged. 49 U.S.C. § 41712(a). If an air carrier consumer submits a complaint to the Secretary of Transportation, the Secretary may then investigate. *Id.* "If the Secretary, after notice and an opportunity for a hearing, finds that an air carrier, . . . [is] engaged in an unfair or deceptive practice . . . the Secretary shall order the air carrier, . . . to stop the practice or method." *Id.*

The crux of Plaintiff's concern appears to be that air carriers like Defendant will continue to allow children to board planes without parental supervision. While the Court understands Plaintiff's concern, the Secretary of Transportation is empowered, either at its own volition or by Plaintiff's petition, to address consumer concerns, such as those presented by Plaintiff.

Moreover, as Defendant correctly suggests, Plaintiff would have a cause of action if his claim arose from more egregious behavior. *See Seals v. Delta Airlines, Inc.*, 924 F. Supp. 854 (negligence and breach of contract claims arising from airline employee's failure to provide wheelchair accommodation at layover which ultimately resulted in physical injury and emotional distress — not preempted); *see also Owens v. Anthony*, 2011 U.S. Dist. LEXIS 139961 at * 11 (M.D. Tenn. Dec. 6, 2011) (negligence claim alleging that the defendant was negligent in investigating, choosing, training, monitoring and retaining employees, ultimately, not preempted because the claims involved highway safety risks); *see also In re Air Disaster*, 819 F. Supp. at 1362-64 (negligence claim arising from airplane collision not preempted because services resulting in crash were not like those directly provided by airline personnel, e.g. ticketing and boarding, and therefore were too tenuously related); *see also Naples v. Delta Airlines, Inc.*, 2013 U.S. Dist.

8

LEXIS 183178, *12-14 (E.D. Mich. Dec. 30, 2013) (negligence claim arising from, *inter alia*, passengers being rushed onto plane which ultimately caused the plaintiff to fall and injure herself. The Court suggested that her state law claims should not be preempted).

Thus, even though Plaintiff may not have a state law private right of action in the instant case, that does not mean that airlines such as Defendant are insulated completely from the consequences of egregious behavior. But the facts in the instant case fall short of the egregious behavior necessary to provide a private right of action. In light of the ADA's purpose, this outcome is appropriate because Plaintiff's relief, if granted, would serve to impose regulations in clear contravention of the ADA's policy which is to "[t]o ensure that the States would not undo federal deregulation with regulation of their own . . . ."[4] *Morales v. Trans World Airlines, Inc.*, 504 U.S. at 378. For that reason, the Court is not persuaded to depart from *Litchfield and In re Air Disaster*.

### III.

Consequently, after interpreting the Complaint in a light most favorable to Plaintiff, this Court finds that Plaintiff has failed to plead a plausible claim. Defendant's Motion to Dismiss is therefore **GRANTED.** (ECF No. 6). And Plaintiff's Complaint is **DISMISSED**. (ECF No. 4). The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

1-28-2020
**DATED**

**EDMUND A. SARGUS, JR.**

---

[4] Plaintiff alleges in his Complaint that Defendant has a duty to require parental permission to allow CE to board its planes. (ECF No. 4 at ¶ 31).

9